HOME OWNERS' LOAN CORPORATION, a body corporate of the United States having its principal office in Washington, District of Columbia, complainant,

*v.*

LUCILLE MASTALLI TOGNOLI, individually and as executrix of the estate of Provida Mastalli, deceased, A. ARNOLD TOGNOLI, her husband, ATTILIO MASTALLI and RENEE MASTALLI, his wife, and STATE OF NEW JERSEY, defendants.

[Decided June 5th, 1940.]

*Florence M. North-Allard,* for the complainant.

*Mr. Jerome J. Dunn,* for the defendant A. Arnold Tognoli.

LEWIS, V. C.

This is a suit for reformation of a mortgage and for foreclosure thereof. The suit is based upon the contention that by mutual mistake of the parties to the mortgage, it covered only part of the premises intended to be mortgaged, and that defendant A. Arnold Tognoli, subsequent grantee of the portion of the premises not covered by the mortgage has no equity therein because he was not a purchaser for value without knowledge of the mortgagee's rights. In my opinion the complainant has sustained these contentions.

The facts and circumstances brought out in the hearing show that Renzo Mastalli applied for the mortgage in question and in doing so disclosed that the plot to be mortgaged was 175 feet by 115 feet. The premises consist of one compact unit, part of which is covered by a stone house with a

separate stone garage and a stone retaining wall. The house itself is only on two of the six lots involved, but the garage and a driveway necessary to the proper use of the house, together with a cesspool connected with and belonging to the house are on the other four lots. At the time of the application, he exhibited a picture of the premises and an advertisement published by him in a prior effort to sell the house which shows more than the house itself as being part of the premises and specifically sets forth that the plot was 175 feet by 115 feet. The house was exhibited to an appraiser for the complainant and the loan was made on the basis of a mortgage on the entire tract. Through a mistake on the part of the attorney for the complainant, explained as having occurred through a press of business in the complainant's organization, the mortgage was so drawn as to cover only two lots with a frontage of fifty feet. Before the mistake was discovered, Renzo Mastalli died, leaving a widow, a son, Attilio Mastalli, and a daughter, Lucille Mastalli, now the wife of defendant A. Arnold Tognoli. The mistake was not discovered until May, 1938, when the complainant decided to foreclose because of a default. The matter was turned over to Mrs. Allard as solicitor. On May 6th, 1938, she called upon Mrs. Provida Mastalli, the widow of Renzo Mastalli, at the premises to discuss the giving of a voluntary deed to avoid foreclosure. On viewing the premises and comparing them with the description in the mortgage, it became evident that there was a mistake. Mrs. Mastalli was very ill as a result of a stroke and very nervous, so after an explanation of the situation Mrs. Allard said she would call later. In August, 1938, she went again to the premises but was informed in the meantime Mrs. Mastalli had conveyed the four lots not set forth in the mortgage to defendant A. Arnold Tognoli, and that at the same time made her will leaving everything to her daughter. Mrs. Mastalli, in September, 1938, was taken to Greystone Park where she died in January, 1939. Shortly after her death, her daughter married defendant Tognoli. This defendant claims title to the four lots by the deed made in July, 1938, for the consideration asserted by him of prior loans made to Mrs. Mastalli. There is no corroboration either

by records or other witnesses of these loans. Even if his assertions be accepted as true, this would not avail as against the equities of complainant. It was shown that Tognoli was a frequent visitor at the premises and by reason of his courting of the daughter and intimacy with the family, it is a reasonable conclusion that he knew about the mistake in the mortgage and took advantage of the situation in an attempt to save the four lots from the foreclosure. The execution of the deed to him soon after the disclosure of the mistake and the threat of foreclosure tends strongly to corroborate this conclusion.

It is clear from the evidence that there was a mistake in the mortgage and complainant is entitled to a reformation and a foreclosure thereunder, except as against an innocent purchaser for value without notice. This defendant Tognoli was not.

In *Bajek* v. *Polack, 120 N. J. Eq. 104* (at *p. 108*), the court states:

"The rule is now well settled that the subsequent legal title to land, in order to prevail over a prior equitable title, must not only have been acquired in good faith and without notice of the prior equity, but must also be founded upon an original or presently moving consideration of value." Citing numerous prior cases. The court further states that a person taking a deed to secure payment of a pre-existing indebtedness is not an innocent purchaser for a valuable consideration nor can he be accorded the rights of such a purchaser against a superior equity. Also citing numerous authorities.

A decree will be advised for reformation and foreclosure in accordance with the prayer of the bill.